Rick Hernandez
Hernandez Law Offices, LLC.
440 S. 6th St. P.O. Box 1039
Sunnyside, WA 98944
(509) 837-3184

Attorney for Beau Thomas Upton

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| | } | |
| Plaintiff, | } | No. 4:17-cr-06041-SMJ-1 |
| | } | |
| vs. | } | SENTENCING MEMORANDUM |
| | } | & REQUEST FOR VARIANCE |
| BEAU THOMAS UPTON, | } | |
| | } | |
| Defendant. | } | |
| | } | |

## SUMMARY

On July 22, 2020, the defendant appeared before U.S. District Judge Salvador Mendoza, Jr. and entered a guilty plea to Count 1 of the indictment, Production of Child Pornography.

The defendant has no objections to the presentence report, including the sentencing guideline calculations as submitted by U.S. Probation. The defendant is, however, requesting a variance and recommends a sentence of 21 years.

The defendant respectfully requests a 21-year sentence. This is a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth at 18 U.S.C. § 3553 (a)(2). It would:

- Reflect the seriousness of the offense, promote respect for the law, and provide just punishment;

SENTENCING MEMORANDUM
- 1 -

- Afford adequate deterrence to criminal conduct;

- Protect the public from further crimes of the defendant;

- Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

## **REASONS FOR A SENTENCE OF 21 YEARS**

The court is required to impose a sentence that is sufficient, but not greater than is necessary to comply with the purposes set forth at 18 U.S.C. § 3553(a)(2).

The defendant is requesting a variance or a downward departure based on a difficult childhood and extraordinary suffering as a young person.

LACK OF GUIDANCE AS A YOUTH

<u>Landrigan v. Schriro</u> 441 F.3d 638, 648 (9th Cir. 2006) ("Where a defendant's crime is attributable to a disadvantaged background or emotional or mental problems the defendant is less culpable than one without the excuse.")

Mr. Upton experienced a difficult upbringing. Sadly, Mr. Upton has never met his biological Father. His biological Father separated from Mr. Upton's Mother before Mr. Upton would have gotten a chance to meet his Father.

In addition, Mr. Upton's fate was further compounded when his biological Mother abandoned him when he was only 2 years old. As the PSIR indicates, at the time that his Mother abandoned him, he was living in a car with his Mother. It is unknown what circumstances led to his Mother's plight, but even before his Mother abandoned him, Mr. Upton would often be left in the care of his Uncle Shawn Upton.

After his abandonment, Mr. Upton was cared for by his Uncle Shawn Upton. Unfortunately, Mr. Upton's relationship with his Uncle was never good. The normal love and compassion and emotional support that would accompany the relationship between a parent and a child was absent.

Severe tragedy continued to affect Mr. Upton's life as he was the victim of sex abuse when he was under 10 years of age. Mr. Upton indicates that it was not his Uncle who abused him. However, the subject matter is very difficult for Mr. Upton to discuss in detail. He is still greatly affected by this abuse which has affected him his entire life.

At the age of 16 Mr. Upton began using marijuana and alcohol. This eventually led to cocaine use which began at the age of 18. And although he used some other drugs, like Heroin, Opiates, Mushrooms, Acid and Ecstasy, his main drug was methamphetamine. He began to use Methamphetamine at the age of 20 and basically has never stopped using Methamphetamine. He indicates that for the last 2 years he has used Methamphetamine on a daily basis up until the time of his arrest in this case.

SEXUAL ABUSE AS A CHILD

U.S. v. Walter, 256 F.3d 891 (9th Cir. 2001)(where D sent threat to the president, district court could downward depart from 41 months sentence because combination of brutal beatings by defendant's father, the introduction to drugs and alcohol by his mother, and, most seriously, the sexual abuse defendant faced at the hands of his cousin, constituted the type of extraordinary circumstances justifying consideration of the psychological effects of childhood abuse and establish

SENTENCING MEMORANDUM
- 3 -

diminished capacity); U.S. v. Brown, 985 F.2d 478 (9th Cir. 1993) (where D offered a letter recounting his childhood of severe abuse and neglect and produced psychologist's report concluding that childhood trauma was the primary cause of D's criminal behavior, court could grant downward departure); U.S. v. Roe, 976 F.2d 1216 (9th Cir. 1992) (court clearly erred in holding it did not have discretion to depart downward where defendant's suffered extraordinary sexual abuse as a child); U.S. v. Rivera, 192 F.3d 81, 84 (2d Cir. 1999) ("It seems beyond question that abuse suffered during childhood – at some level of severity – can impair a person's mental and emotional conditions...in extraordinary circumstances…district courts may properly grant a downward departure on the ground that extreme childhood abuse caused mental and emotional conditions that contributed to the defendant's commission of the offense" but D not entitled to one here because he "failed to allege and show, as required for a §5H1.3 departure, that any abuse he may have suffered rose to the extraordinary level that can be assumed to cause mental or emotional pathology"); U.S. v. Pullen, 89 F.3d 368 (7th Cir. 1996) (in light of Koon v. U.S., 518 U.S. 81 (1996), sentence remanded to see if D can establish that childhood abuse was extraordinary to enable judge to exercise discretion to depart downward); see Santosky v. Kramer, 455 U.S. 745, 789 (1982) (Rehnquist, J., joined by Burger, C.J., White, and O'Connor, J., dissenting) ("It requires no citation of authority to assert that children who are abused in their youth generally face extraordinary problems developing into responsible, productive citizens"); Motley v. Collins, 3 F.3d 781, 792 (5th Cir. 1993) (death penalty) (fact that a doctor did not opine that the murder was likely the result of child abuse did not preclude jurors from making the required inference "after all, the effects of child abuse are not peculiarly

SENTENCING MEMORANDUM
-4-

within the province of an expert . . . it requires no citation of authority to assert that children who are abused in their youth generally face extraordinary problems developing into responsible, productive, citizens").

As indicated previously, Mr. Upton was sexually abused as child when he was less than 10 years of age. He has never received any counseling for this abuse. It goes without question that a child's psychosocial development is impaired by sexual abuse. A child learns that the world is not a safe place and that he is powerless against adults and older youth. It is well known that sexual abuse in particular brings the additional shame and guilt that virtually all victims take on believing that they must have somehow caused the abuse.

## SENTENCING FACTORS UNDER 18 U.S.C. § 3553 (a) WARRANT A SENTENCE OF 21 YEARS

As this court knows, the Sentencing Guidelines are now advisory, rather than mandatory. United States v. Booker, 125 S.Ct. 738, 756-57 (2005). While the Court must consider guideline ranges, the Court is permitted to tailor the sentence in light of other statutory concerns as well. 18 U.S.C. § 3553 (a)(4).

The purpose of the Sentencing Reform Act is to…reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, [and] protect the public. Booker, at 765; 18 U.S.C. § 3553(a)(2). A district court must not accord more weight to the Guidelines than to other factors under § 3553(a).

(1) <u>The nature and circumstances of the offense and the history and characteristics of the defendant.</u>

Mr. Upton fully accepts responsibility for his unlawful conduct. He is remorseful for his actions. Mr. Upton's unfortunate background and history has been outlined above.

(2) <u>Need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.</u>

By accepting responsibility, Mr. Upton has shown respect for the law. Moreover, a sentence of 21 years is surely adequate to promote greater respect for the law.

(3). <u>Need for the sentence to afford adequate deterrence to criminal conduct.</u>

A 21-year sentence is an extraordinarily lengthy sentence. Given the overall circumstances of the offense and Mr. Upton's personal history, we believe that a sentence of 21 years will afford adequate deterrence to further criminal conduct.

(4). <u>Need to protect the public from further crimes of the defendant.</u>

Given the length of a 21-year sentence, and 40-years of supervised release, we believe that the public will be protected from further crimes of the defendant.

(5). <u>Need for sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

A 21-year prison sentence is a significant sentence. It is sufficient time to meet these goals.

(6). <u>The kinds of sentences available.</u>

The court may impose any legal sentence.

(7). <u>The advisory guideline range.</u>

The advisory guideline range according to U.S. Probation is 360 months. The defendant is asking for a variance and would submit that a sentence of 21-years accomplishes the goals of the Sentencing Reform Act.

<u>CONCLUSION</u>

For the reasons stated above, Mr. Upton asks the court to impose a sentence of 21-years.

DATED this 1st day of October 2020. Respectfully Submitted,

s/ Ricardo Hernandez<br>Ricardo Hernandez

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2020 Benjamin David Michael Herzog, Assistant United States Attorney, received a copy of the foregoing via ECF notification.

s/ Ricardo Hernandez
Ricardo Hernandez