William D. Hyslop
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

BEAU THOMAS UPTON,

Defendant.

No. 4:17-CR-6041-SMJ-1

UNITED STATES' SENTENCING MEMORANDUM

Sentencing Hearing:
October 22, 2020, at 9:30 a.m.
Richland, Washington and VTC

Court:
Hon. Salvador Mendoza, Jr.
United States District Judge

Plaintiff United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney for the Eastern District of Washington, hereby submits the following Sentencing Memorandum with regard to Defendant Beau Thomas Upton ("Defendant"). Pursuant to the Rule 11(c)(1)(C) Plea Agreement in this case (ECF No. 30), the United States recommends the following sentence: twenty-one years in custody, 40 years of supervised release, no fine, restitution as requested by Defendant's victims, a mandatory special assessment of $100 and a $5,000 special assessment absent a finding of indigence by the Court.

The United States' sentencing position is based upon the attached memorandum of points and authorities, any victim impact statements that are filed, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 1, 2020

William D. Hyslop
United States Attorney

*s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

On July 22, 2020, pursuant to a Plea Agreement entered into under Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant Beau Thomas Upton ("Defendant") pleaded guilty to an Indictment charging him with a single count of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e). (ECF Nos. 1, 30.)

Defendant's Plea Agreement contemplates a global resolution of all of his federal and state charges. The Agreement includes Defendant's commitment to plead guilty in Benton County Superior Court to charges of Rape of a Child in the Third Degree, and a commitment from the Benton County Prosecutor's Office to recommend a five-year state sentence to be served concurrently with the federal sentence imposed by this Court. (ECF No. 30.) The Court accepted Defendant's guilty plea, held in abeyance until sentencing its consideration of the Rule 11(c)(1)(C) Plea Agreement, and set the sentencing hearing for October 22, 2020, in Richland, Washington.

## II. Facts

The relevant facts are set forth in the *Factual Basis and Statement of Facts* section of the Plea Agreement and the *Offense Conduct* section of the Presentence Report ("PSIR"). (ECF No. 30, ¶ 6; ECF No. 33, ¶¶ 9-22.) The United States has no objections to the PSIR.

Defendant's conduct involved multiple occurrences of egregious sexual abuse of at least one minor boy, Minor Victim 1 ("MV1") in the Tri-Cities.

Sometimes Defendant engaged in this abuse with Zayne Barbre (who was charged in a separate Indictment), and sometimes not; sometimes they recorded their conduct, sometimes they did not; sometimes Defendant abused MV1 at Defendant's mother's house, sometimes he abused MV1 at Barbre's grandparents' house.

After Defendant Barbre's arrest, law enforcement agents searched Barbre's digital devices and discovered hundreds of still images and videos of child abuse. Some of those images depict Defendant and Barbre having sex with young males from 2015 through 2016 at Barbre's grandparents' residence. Among these are a video from September 2016 that depicts Barbre adjusting the recording device while Defendant looks on, prior to the beginning of the recording of the sexual act with a young male.

Law enforcement officers also recovered text messages between Defendant and Barbre that confirmed that they had engaged in group sex on more than one occasion with MV1 and another unknown male.

**III. Analysis of the Plea Agreement and Presentence Report**

Pursuant to Rule 11(c)(1)(C), the federal and state prosecutors, in consultation with Defendant's victims, have agreed with Defendant and his federal and state defense counsel that the following sentence is an appropriate resolution of Defendant's state and federal cases: twenty-one years in custody to be followed by 40 years of supervised release on the federal Production of Child Pornography count and a concurrently-running five-year state sentence for the state Rape of a Child charges.

For purposes of calculating the appropriate range under the United States Sentencing Guidelines (the "Guidelines"), the United States Probation Officer concurs with the United States and Defendant that Defendant's final adjusted offense level is Level 40. (ECF No. 30, ¶ 8; ECF No. 33, ¶¶ 33-44.) The Probation Officer concluded that Defendant has 4 criminal history points, placing him in Criminal History Category III. (ECF No. 33, ¶ 64.) Accordingly, Defendant's Guidelines range is 360 months to life imprisonment, which is capped at 30 years by the statute of conviction. (ECF No. 33, ¶ 108.)

## IV. The United States' Sentencing Recommendation

In light of the Plea Agreement, Federal Rule of Criminal Procedure 11, the United States Sentencing Guidelines, and the factors set forth at 18 U.S.C. § 3553, the United States respectfully recommends the following sentence: twenty-one years in custody, 40 years of supervised release, no fine, restitution, and special assessments of $100 (mandatory) and $5,000 (absent a finding of indigence by the Court). The United States respectfully submits that such a sentence is appropriate in light of all of the factors set forth at 18 U.S.C. § 3553.

### A. The Nature and Seriousness of the Offense and Defendant's Respect for the Law

Defendant's sexual misconduct in this case was egregious, and his sentence should reflect that. Both with and without Barbre (whom this Court has previously sentenced to 28 years in custody), Defendant repeatedly sexually assaulted at least one

minor, MV1, and participated in the recording of this conduct for posterity. Of the related cases of Defendant, Zayne Barbre, and Ryan Alexander, the proposed 21-year resolution of this case reflects that Defendant's conduct was arguably the least hideous; this Court has previously sentenced Barbre to 28 years and Alexander to 25 years.

**B. Defendant's Personal History and Characteristics**

Defendant's personal history and characteristics do not absolve him of responsibility for his actions. Certainly his upbringing was not ideal, but the PSIR does not reflect that Defendant has suffered the kind of sexual abuse the Court so often sees in child abuse cases – which sometimes can at least begin to explain a Defendant's sexual misconduct. Instead, the person reflected in the PSIR appears to be as remorseless as he is aimless, whose only consistent conduct appears to be daily drug abuse. The United States does not see any significantly mitigating factors, and respectfully submits that twenty-one years in custody and 40 years of supervised release is appropriate, but not greater than necessary, to reflect the severity of Defendant's conduct when balanced against his personal history and characteristics.

**C. Just Punishment**

Defendant's repeated exploitation of at least MV1 speaks for itself, and demands serious punishment. The only mechanism for creating accountability in this process is the sentence imposed by this Court. The United States has encouraged MV1 to submit a victim impact statement to the Court to explain how Defendant's conduct has affected MV1, and anticipates that MV1 will do so.

**D. Deterrence**

A lengthy sentence is necessary to deter Defendant and others from engaging in sexual offenses against minors. Only if people who harbor active sexual interests in minors know that they could go to federal prison for decades will they be meaningfully disincentivized from acting on their worst impulses. Twenty-one years is such a term. Conversely, Defendant's prior theft and burglary convictions and sentences (ECF No. 33, ¶¶ 54-57) did little to deter him from future criminal conduct; it is appropriate here to impose a significantly longer sentence that might have that effect.

**E. Protection of the Public**

Defendant unquestionably presents a danger to the community, and will continue to do so. A sentence of twenty-one years is necessary because it will protect the minors in Eastern Washington for a significant period, and four decades of supervised release is appropriate, given the need for ongoing monitoring of Defendant's conduct.

**F. Avoidance of Unwarranted Sentencing Disparities**

Mindful that the Guidelines must be "the starting point and the initial benchmark," *United States v. Carty*, 520 F.3d 984, 991–92 (9th Cir. 2008), the United States submits that a sentence of twenty-one years is appropriate in this case. It is significantly beneath the 360-month sentence recommended by the Guidelines, and is the result of a complex global Plea Agreement with state authorities that prevents MV1 from having to testify about the sexual trauma Defendant inflicted on MV1 before a roomful of strangers at trial.

Twenty-one years for Defendant's sexual abuse and child pornography production is consistent with the sentences imposed on similarly-situated Defendants in this District, and would avoid unwarranted sentencing disparity between Defendant and Defendants Barbre (28 years for significantly more egregious conduct) and Defendant Alexander (25 years for substantially more egregious conduct and recidivism).

The United States submits that twenty-one years in custody is fair in light of all of the circumstances. The United States urges the Court to accept the Rule 11(c)(1)(C) Plea Agreement and to impose a sentence consistent with it.

**G. Fine, Special Penalty Assessment, Restitution, and Forfeiture**

The United States and Defendant are free to make any recommendation concerning the imposition of a criminal fine. The Probation Officer has analyzed Defendant's financial condition and has concluded that he does not have the financial means, assets, and/or resources available to reasonably make payment on a fine. (ECF No. 33, ¶ 106). Accordingly, the United States does not seek a fine.

A $100 special assessment is mandatory. The United States defers to the Court regarding Defendant's indigence and the applicability of the $5,000 JVTA Special Assessment, although it appears that Defendant is indeed indigent.

A preliminary order of forfeiture will be submitted to the Court by the United States Attorney's Office.

The United States recommends restitution consistent with the Plea Agreement and PSIR, but is not aware of a formal restitution request by MV1 at this time.

## V. Conclusion

The United States recommends that the Court accept the Rule 11(c)(1)(C) Plea Agreement, apply a total offense level of 40 and conclude that Defendant is in Criminal History Category III, yielding a Guidelines range of 360 months in prison. Pursuant to the Plea Agreement, the United States recommends a sentence of twenty-one years in custody and 40 years of supervised release.

Dated: October 1, 2020

William D. Hyslop
United States Attorney

*s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Defendant's federal counsel of record using the CM/ECF system.

*s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney